UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,
450 Fifth Street, N.W.
Washington, D.C. 20549-0708,

        Plaintiff,

v.

SCHERING-PLOUGH CORPORATION,

        Defendants.

Case Number

## COMPLAINT

Plaintiff Securities and Exchange Commission ("the Commission") alleges as follows:

### SUMMARY

1. This matter involves Defendant Schering-Plough Corporation's ("Schering-Plough") violations of the books and records and internal controls provisions of the Foreign Corrupt Practices Act ("FCPA"), Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act"). Between February 1999 and March 2002, Schering-Plough Poland paid 315,800 zlotys (PLN) (approximately $76,000) to a charitable foundation to induce the foundation's president, who was also a Polish government official, to influence the purchase of Schering-Plough's pharmaceutical products. None of the payments to the charity was accurately reflected in Schering-Plough's books and records. Additionally, Schering-Plough's system of internal accounting controls was inadequate to prevent or detect the improper payments.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act.

## DEFENDANT

3. <u>Schering-Plough Corporation</u> ("Schering-Plough") is a New Jersey corporation with its headquarters in Kenilworth, New Jersey. Its common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is listed on the New York Stock Exchange.

## OTHER RELEVANT ENTITIES

4. <u>Schering-Plough Poland</u> ("S-P Poland"), headquartered in Warsaw, Poland, is a branch office of Schering-Plough Central East AG, a wholly owned Swiss subsidiary of Schering-Plough that is headquartered in Lucerne Switzerland.

5. <u>The Chudow Castle Foundation</u> ("Foundation") is a charitable organization that was established in 1995 to restore castles and other historic sites in the Silesian region of Poland. The founder and President of the Foundation was the Director of the Silesian Health Fund ("Director"), one of sixteen regional government health authorities in Poland.

## FACTS

6. The Silesian Health Fund was a government body that, among other things, provided monies for the purchase of pharmaceutical products and influenced the purchase of those products by other entities, such as hospitals, through the allocation of health fund resources. In February 1999, shortly after the Director assumed his position of leadership in the Silesian Health Fund, S-P Poland made the first of a series of payments to the Foundation.

7.   In early 2000, the Director solicited S-P Poland's oncology unit manager ("the Manager") to make additional payments to the Foundation. Between March 2000 and March 2002, the Manager arranged for twelve additional payments from S-P Poland to the Foundation. Some of these payments were structured so that they were at or below the Manager's approval limit, apparently for the purpose of concealing the nature of the payments. Moreover, the Manager provided false medical justifications for most of the payments on the documents that he submitted to the company's finance department. In total, S-P Poland paid 315,800 PLN (approximately $76,000) to the Foundation, as summarized in the table below.

|    | Date of Payment | Payment Amount (in PLN and $US) | Stated Medical Justification for Payments |
|----|-----------------|----------------------------------|-------------------------------------------|
| 1  | 2/23/1999       | 3,000 PLN ($777)                 | Covering fight against viral hepatitis |
| 2  | 3/17/2000       | 20,000 PLN ($4,909)              | Support of health campaign within county of Gilwice |
| 3  | 7/19/2000       | 34,800 PLN ($8,065)              | Financing second stage of health prevention campaign in Gilwice |
| 4  | 11/8/2000       | 40,000 PLN ($8,766)              | Financing for Foundation |
| 5  | 12/20/2000      | 40,000 PLN ($9,292)              | Financing second stage of research |
| 6  | 3/19/2001       | 18,000 PLN ($4,340)              | Financing lung cancer prevention program |
| 7  | 3/22/2001       | 20,000 PLN ($4,854)              | Financing screening examinations to detect skin cancer |
| 8  | 4/25/2001       | 20,000 PLN ($4,958)              | Support of lung cancer prevention campaign |
| 9  | 6/4/2001        | 20,000 PLN ($5,019)              | Support of lung cancer prevention campaign |
| 10 | 10/29/2001      | 20,000 PLN ($4,878)              | Support of a coronary disease prevention program and promote the image of the company in the medical community |
| 11 | 12/18/2001      | 40,000 PLN ($10,067)             | Support of an anti-chain smoking health program and promote the company as one that cares about the people of Silesia |
| 12 | 12/19/2001      | 20,000 PLN ($5,067)              | Financing of Foundation |
| 13 | 3/25/2002       | 20,000 PLN ($4,868)              | Support actions of Foundation in preventing infectious diseases of the liver |
|    | Total           | 315,800 PLN ($75,860)            |  |

8. S-P Poland paid more money to the Foundation than any other recipient of promotional donations. During 2000 and 2001, the payments to the Foundation constituted approximately 40% and 20%, respectively, of S-P Poland's total promotional donations budget. Moreover, the Foundation was the only recipient of such donations that received multiple payments, making the four payments in 2000 and seven payments in 2001 highly unusual.

9. All of the payments to the Foundation were classified by S-P Poland in its books and records as donations. However, while the payments in fact were made to a bona fide charity, they were made to influence the Director with respect to the purchase of Schering-Plough's products. In fact, the Manager did not view the payments to the Foundation as charitable, but as "dues" that were required to be paid for assistance from the Director.

10. During the period in which the payments were being made to the Foundation, S-P Poland's sales of Intron A and Temodal, two of its oncology products, increased disproportionately compared with sales of those products in other regions of Poland. By 2002, 53% of the Intron A and 40% of the Temodal sold in Poland were in Silesia.

11. Prior to March 2002, Schering-Plough's policies and procedures for detecting possible FCPA violations by its foreign subsidiaries were inadequate in that they did not require employees to conduct any due diligence prior to making promotional or charitable donations to determine whether any government officials were affiliated with proposed recipients. For this reason, the Director of the Silesian Health Fund's relationship to the Foundation was never considered by S-P Poland as a potential FCPA issue.

12. S-P Poland's internal policies provided that promotional donations generally were supposed to be made to healthcare institutions and relate to the practice of medicine. Although the Foundation represented to S-P Poland that its by-laws permitted the Foundation to engage in healthcare related programs, the Commission alleges that the Manager knew that the Foundation did not, in fact, engage in such programs.

13. The company should have been alerted to the fact that there were FCPA issues relating to S-P Poland's payments to the Foundation, because: (i) the Foundation is not a healthcare related entity, yet still received payments; (ii) of the magnitude of the payments to the Foundation in relation to the company's budget for such donations; (iii) of the apparent structuring of certain payments by the Manager, which allowed him to exceed his authorization limits; and (iv) the Director was the founder and President of Foundation and also a Polish government official with the ability to influence the purchase of S-P Poland's products by hospitals within the Silesian Health Fund.

## CLAIM

Violations of Sections 13(b)(2)(A) and 13(B)(2)(B) of the Exchange Act
(Books and Records and Internal Controls)

14. Paragraphs 1 through 13 are hereby realleged and incorporated by reference.

15. By reason of the foregoing, Schering Plough violated Sections 13(b)(2)(A) and 13(B)(2)(B) of the Exchange Act.

## PRAYER FOR RELIEF

16. The Commission respectfully requests that this Court enter a Final Judgment against Defendant Schering-Plough Corporation ordering it to pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act.

Respectfully submitted,

Antonia Chion
Scott W. Friestad
Daniel M. Hawke (D.C. Bar No. 424874)
Howard A. Scheck
Steven A. Susswein

Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549-0911
Tel: 202-942-4732 (Friestad)
Fax: 202-628-4222

Dated: June 8, 2004